IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV197-03-MU
(3:01CR189-4)

| | |
|---|---|
| CHAD ERIC SIMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion to Vacate, Set Aside Or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). For the reasons stated herein, Petitioner's motion is denied and dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on October 1, 2002 Petitioner pled guilty, without the benefit of a plea agreement, to conspiracy to possess with intent to distribute and distribute cocaine, methamphetamine and Ecstacy in violation of 21 U.S.C. § 846 (Count One), aiding and abetting a kidnapping in violation of 18 U.S.C. §§ 1201, 2 (Count Five), and aiding and abetting the brandishing of a firearm in violation of 18 U.S.C. §§ 924(c), 2 (Count Six). Initially, Petitioner received concurrent sentences of 210 months for the conspiracy and kidnapping, and a consecutive seven-year sentence for the § 924(c) conviction, a total sentence of 294 months imprisonment. On July 6, 2005, the Fourth Circuit Court of Appeals remanded for resentencing in light of United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). On

1

remand, this Court sentenced Petitioner to 181 months for the conspiracy and kidnapping, with a consecutive seven-year sentence, for a total of 265 months imprisonment. The sentence represents a downward variance of twenty-nine months from the bottom of the guideline range. Petitioner filed a second appeal in the Fourth Circuit Court of Appeals following his resentencing. On December 8, 2006, the Fourth Circuit issued an unpublished decision affirming Petitioner's resentencing. The United States Supreme Court denied Petitioner's Petition for Certiorari on April 30, 2007. Petitioner filed the instant Motion to Vacate on April 30, 2008 alleging that his counsel was ineffective for failing to effectively argue against improper Guideline enhancements and because she was unprepared to submit comparative sentences of Petitioner's co-defendants at his sentencing hearing.

## II. ANALYSIS

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992). In the plea context, a petitioner must show that counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted). A presumption exists that counsel is competent. A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption. And the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983).

2

Petitioner argues that his counsel was ineffective for failing to effectively argue against improper Guideline enhancements and because she was unprepared to submit comparative sentences of Petitioner's co-defendants at his sentencing hearing. Notably, Petitioner does not contend that but for his counsel's alleged deficiencies, he would not have pleaded guilty and would have insisted on going to trial. Such failure is fatal to Petitioner's ineffective assistance of counsel claims.

Turning to Petitioner's specific claims, he first argues that his attorney failed to effectively argue against improper Guideline enhancements.[1] Specifically, Petitioner claims that his counsel did not cite precedential authority and failed to properly argue against enhancements. It seems, Petitioner is not arguing that counsel did not object to the Guideline enhancement he received, instead, he seems to be arguing that counsel was ineffective because her objections were not favorably ruled upon by the Court. Counsel cannot be deemed ineffective because the Court did not favorably rule on objections presented. Clearly, counsel cannot control the Court's decisions. Here, counsel made the appropriate objections and was a zealous advocate for her client. Indeed, counsel filed at least twelve objections to the presentence report, filed two comprehensive sentencing memoranda and a motion for downward departure and filed two appeals with the Fourth Circuit Court of Appeals contesting the enhancements Petitioner received at sentencing. Petitioner's claim is conclusory in that he does not articulate the specific enhancements that he considers to be improper nor does explain why they were improper or what prejudice he suffered. Simply stated, Petitioner has not established either prong of the Strickland test and his ineffective assistance of counsel claim must, therefore, be denied.

---

[1] Petitioner does not specify which enhancements were improper or why they were improper.

Next, Petitioner contends that his counsel was ineffective because she failed to supply the Court with comparative sentences of his co-defendants for the Court's consideration at sentencing. The Court is well aware of the sentences Petitioner's co-defendants received.[2] Furthermore, although counsel did not include the sentences of Petitioner's co-defendants in her sentencing memorandum, (Doc. No. 312), she did argue at the resentencing hearing that Petitioner should be sentenced consistent with the sentences received by Petitioner's co-defendants and counsel provided the Court with those sentences. (Transcript of Resentencing at 6-7.)

The Court has reviewed Petitioner's Motion to Vacate and the record in this case and notes that Petitioner has not satisfied either prong of the Strickland test. Therefore, Petitioner has not met his burden in demonstrating that his counsel was ineffective at sentencing and his ineffective assistance of counsel claims must be denied and dismissed.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (Document No. 1) is **DENIED** and **DISMISSED.**

**SO ORDERED**.

Signed: May 7, 2008

Graham C. Mullen
United States District Judge

---

[2] The undersigned sentenced all but two of Petitioner's twelve co-defendants.