<pre>
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01-cr-189-GCM-4
</pre>

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHAD ERIC SIMPSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's *pro se* Motion for Relief from Judgment Pursuant to 60(b)(6), (Doc. No. 375).

On January 6, 2004, Defendant was adjudicated guilty of conspiracy to possess with intent to distribute cocaine, methamphetamine, and ecstasy, kidnapping, and brandishing a firearm during a crime of violence, and aiding and abetting, and was sentenced to 291 months' imprisonment. (Doc. No. 297). The Fourth Circuit affirmed in part, vacated in apart, and remanded for further proceedings. United States v. Simpson, 138 Fed. Appx. 520 (4th Cir. 2005) (04-4068). The Court entered a corrected sentence on February 3, 2006, of a total of 265 months' imprisonment. (Doc. No. 321). The Fourth Circuit affirmed, United States v. Simpson, 209 Fed. Appx. 279 (4th Cir. 2006) (06-4170), and the United States Supreme Court denied certiorari on April 30, 2007, Simpson v. United States, 550 U.S. 923 (2007).

Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 30, 2008, which was opened as a new civil case, number 3:08-cv-197. The Court denied the § 2255 petition on the merits, Simpson v. United States, 2008 WL 2001811 (W.D.N.C. May 7, 2008),

1

and dismissed a motion for reconsideration as an unauthorized second or successive § 2255 petition. Simpson v. United States, 2008 WL 2228598 (W.D.N.C. May 29, 2008). The Fourth Circuit denied a certificate of appealability and dismissed Defendant's appeal. United States v. Simpson, 300 Fed. Appx. 251 (4th Cir. 2008) (08-6957).

Defendant filed a *pro se* "Petition for Modification of Sentence 18 U.S.C. § 3582(c)(2)" on December 21, 2015, in which he sought a sentence reduction pursuant to United States Sentencing Guideline Amendment 782. (Doc. No. 372). The Court denied relief on January 5, 2016, because the total offense level was based on the kidnapping and aiding and abetting rather than the drug charge, and therefore, Amendment 782 is inapplicable. (Doc. No. 372).

On May 17, 2016, Defendant filed the instant "Motion for Relief from Judgment Pursuant to 60(b)(6)," in which he seeks a relief from the sentencing enhancement for brandishing a firearm under the Federal Rules of Civil Procedure.

Rule 60 provides for corrections of orders and relief from judgment under certain circumstances.[1] However, Rule 60(b) (6) is a civil rule and is therefore "simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); see United States v. Abney, 39 Fed. Appx. 12 (4th Cir. 2002) ("the Federal Rules of Civil Procedure do not provide a vehicle by which [criminal defendant] may challenge his criminal judgment"); United States v. Gilyard, 2009 WL 3151855 (W.D.N.C. Sept. 24, 2009).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Relief from Judgment Pursuant to 60(b)(6), (Doc. No. 375), is **DENIED**.

---

[1] It would be unavailing to recharacterize the instant Rule 60(b) Motion as a § 2255 petition because Petitioner has filed a § 2255 petition with the assistance of counsel in case number 3:16-cv-483.

Signed: September 10, 2018

Graham C. Mullen
United States District Judge